CHARLES RUDERMAN, complainant-respondent,

*v.*

MASSACHUSETTS ACCIDENT COMPANY, a body corporate, defendant-appellant.

[Submitted February term, 1936.   Decided April 24th, 1936.]

*Mr. Herman E. Dultz,* for the appellant.

*Mr. Edward R. McGlynn* and *Mr. Joseph Weintraub,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

We are in accord with the holding of the learned vice-chancellor that, under the existing circumstances, appellant

was under a duty to apply in satisfaction of the accrued and unpaid quarterly premium moneys in its hands concededly due to respondent for disability benefits payable under the policy. The sum admittedly due for disability benefits was $180, while the unpaid premium amounted to $36.11. It may be laid down as a general rule that an insurer is not justified in declaring a forfeiture of an insurance policy for the non-payment of a premium, assessment, or dues, when, at the time such payment accrues, the insurer is indebted to the assured, either for dividends declared or other funds which it may have in its hands belonging to the policyholder. *14 R. C. L. 966.* See, also, *Bushko* v. *First Uhro, &c., Benefit Society, 106 N. J. Law 504.*

There is nothing of substance in appellant's claim that the assured, being under no obligation to renew the policy, was not indebted to it for the premium in question, and that an application of the moneys due to the payment of the premium would have been a clear violation of the assured's contractual rights. The principle thus invoked is not applicable to the factual situation here presented. The assured elected to renew the policy, which was non-cancellable so far as the insurer was concerned, and forwarded within time a check for the quarterly premium, which was returned by the drawee bank marked "insufficient funds" (the shortage was $2); and, upon the matter being brought to his attention, the assured advised appellant that non-payment of the check was due to an error of bookkeeping, and requested that it be "redeposited." Later a tender of the money was rejected by the insurer. Moreover, as correctly found by the vice-chancellor, the insurer was itself in default in the payment of disability benefits which had accrued under the policy; the arrears of disability benefits were considerably more than the sum tendered in full settlement. This obligation was then a continuing one; and it is clear that the purpose was to put the assured in default in order to escape further liability under the policy. Thus it seeks to take an unconscionable advantage of the assured.

It is also contended that the total allowance for partial disability is, under the terms of the policy, limited to twelve

months, and that the decree erroneously makes an award for disability of this class for a period of four hundred and fifty-six days. But this asserted error is not specified as a ground for reversal in the petition of appeal, and it therefore cannot be raised here.

Let the decree be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.